IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION


| | |
|---|---|
| **LAREMY ECK,** | 10-CV-1568-BR |
|     Plaintiff, | |
| | OPINION AND ORDER |
| v. | |
| **USP/GEE L.C., doing business as JIFFY LUBE #2528, a foreign limited liability company,** | |
|     Defendants. | |


**THOMAS MARTIN , JR.**
Martin Elliott & Snell, PC
7070 S.W. Nyberg Road
Suite B
P.O. Box 575
Tualatin, OR 97062
(503) 692-0608

    Attorneys for Plaintiff


1 - OPINION AND ORDER

**CHRISTOPHER E. HAWK**
**TANITH L. BALABAN**
Gordon & Rees LLP
121 SW Morrison Street
Suite 1575
Portland, OR 97204
(503) 222-1075

       Attorneys for Defendants

**BROWN, Judge.**

    This matter comes before the Court on Plaintiff Laremy Eck's Motion (#7) to Remand.  For the reasons that follow, the Court **DENIES** Plaintiff's Motion.

## BACKGROUND

    On November 15, 2010, Plaintiff filed an action in Multnomah County Circuit Court against Defendant USP/GEE L.C. (Jiffy Lube) asserting a claim for public accommodation discrimination in violation of Oregon Revised Statute § 659A.006.

    On December 28, 2010, Defendant removed the action to this Court on the basis of diversity jurisdiction.

    On February 2, 2011, Plaintiff moved to remand this matter to state court.

## STANDARDS

    28 U.S.C. § 1446(a) provides in pertinent part:  "A defendant or defendants desiring to remove any civil action or

criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal."  28 U.S.C. § 1446(b) provides in pertinent part:  "The notice of removal of a civil action . . . shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."

    A motion to remand is the proper procedure for challenging removal.  *Babasa v. LensCrafters, Inc.*, 498 F.3d 972, 974 (9th Cir. 2007).  The removal statute is strictly construed, and any doubt about the right of removal is resolved in favor of remand. *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006).  *See also Prize Frieze, Inc. v. Matrix, Inc.*, 167 F.3d 1261, 1265 (9th Cir. 1999), *overruled on other grounds by Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676 (9th Cir. 2006).  The party seeking removal bears the burden of establishing by a preponderance of the evidence that all removal requirements are met.  *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1021 (9th Cir. 2007).  *See also Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004).

    For removal to be valid based on diversity jurisdiction, 28 U.S.C. § 1332(a) "requires complete diversity of citizenship." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir.

3 - OPINION AND ORDER

2001).  A "core principle of federal removal jurisdiction on the basis of diversity [is] that it is determined (and must exist) as of the time the complaint is filed and removal is effected." *Strotek Corp. v. Air Transport Ass'n. of Am.*, 300 F.3d 1129, 1131-31 (9th Cir. 2002)(citations omitted).  After "jurisdiction attaches, a party cannot thereafter, by its own change of citizenship, destroy diversity.  Nor may the presence of a sham or nominal party defeat removal on diversity grounds."  *Id*. At 1132 (citations omitted).

## **DISCUSSION**

Plaintiff moves to remand this matter to state court on the ground that Plaintiff may at some unspecified point move to amend the Complaint to add the employee who engaged in the action that Plaintiff alleges violated his right to be free from public accommodation discrimination in violation of Oregon and that employee is a resident of Oregon.  Plaintiff asserts joinder of the employee would destroy diversity, and, therefore, this matter should be remanded to state court.

As noted, diversity is determined as of the time the complaint is filed and removal is effected.  Plaintiff does not dispute diversity of the parties existed at the time this matter was removed to this Court.  Nevertheless, "if after a case has been removed to federal court a plaintiff seeks to join a

4 - OPINION AND ORDER

defendant whose joinder would destroy complete diversity, the district court has discretion to deny the joinder, or allow the joinder and remand the case to state court." *McJunkin v. Wal-Mart Stores, Inc.*, No. 2:10-cv-01101-RLH-PA, 2011 WL 971062, at *1 (D. Nev. Mar. 16, 2011)(citing 28 U.S.C. § 1447(e) and *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir. 1998)). Here, however, Plaintiff has not sought to amend his Complaint to join the employee who would allegedly destroy diversity, and, therefore, Plaintiff's concerns in this regard are premature. Accordingly, this Court continues to have diversity jurisdiction.

The Court, therefore, denies Plaintiff's Motion to Remand as premature.

## CONCLUSION

For these reasons, the Court **DENIES** Plaintiff's Motion (#7) to Remand.

This Court **DIRECTS** counsel to confer and to file no later than **May 27, 2011**, a joint status report proposing a case-management schedule for the resolution of this matter.

Thereafter the Court will set a Rule 16 conference.

    IT IS SO ORDERED.

    DATED this 12th day of May, 2011.

                                               /s/ Anna J. Brown

                                               ANNA J. BROWN
                                               United States District Judge